IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM EMONIN, JR.,

    Plaintiff, : Case No. 3:16-cv-199

v. : JUDGE WALTER H. RICE

NANCY A. BERRYHILL, : MAGISTRATE JUDGE
                                      MICHAEL J. NEWMAN
Acting Commissioner of the :
Social Security Administration,
                                      :

    Defendant.

---

DECISION AND ENTRY SUSTAINING MOTION FOR VOLUNTARY REMAND OF NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION (DOC. #8); JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF WILLIAM EMONIN, JR. AND AGAINST THE COMMISSIONER, REVERSING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; TERMINATION ENTRY

---

Plaintiff William Emonin, Jr. ("Plaintiff" or "Emonin") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On November 2, 2016, the Commissioner filed a Motion for Voluntary Remand ("Motion"), moving that the Court enter judgment in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled, and remanding the captioned cause to the

Commissioner for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). Doc. #8, PAGEID #1519. Plaintiff, in his memorandum *contra*, argues that any further proceedings would be unnecessarily cumulative, "because the essential factual issues have been resolved and the record adequately establishes Emonin's entitlement to benefits." Doc. #9, PAGIED #1521. In support, Plaintiff notes that "his need to use ambulatory aids is well-established throughout the record," *id.*, PAGEID #1522 (citations omitted), and that the Commissioner's Vocational Expert testified that there were no jobs that Plaintiff was capable of performing while using an ambulatory aid. *Id.* (citing Doc. #6-2, PAGEID #122). Accordingly, Plaintiff argues, "the evidence establishes that Emonin was disabled since June 3, 2012—the alleged disability onset date[,]" and a remand for an immediate award of benefits is appropriate. *Id.*

Plaintiff's argument is belied by the evidence of record. As the Commissioner notes in his reply, Plaintiff was not prescribed a walking aid until "August 2013, over a year after his alleged onset date." Doc. #10, PAGEID #1532 (citing Doc. #6-9, PAGEID #1044-45). "It is only after this date that medical notes include references to Plaintiff using a cane or walker." *Id.* (citations omitted). "Thus," the Commissioner argues, "a factual question remains as to when Plaintiff first required a cane or walker[,]" and remand for further proceedings is necessary to resolve that factual issue. *Id.* The Court agrees. The factual dispute as to when Plaintiff required the use of an ambulatory aid, and thus became unable to work, is a material one that must be resolved by the Commissioner. Because, as of June 3, 2012, evidence of his disability was not overwhelming; nor was evidence of disability strong while contrary was lacking, remand for benefits is not

2

permitted under the Sixth Circuit's governing caselaw. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court SUSTAINS the Commissioner's Motion. Doc. #8. Judgment shall enter in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits, under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

April 5, 2017

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT